BOISE COMMERCIAL CLUB v. OREGON SHORT LINE R. CO.

(Circuit Court of Appeals, Ninth Circuit. October 20, 1919.)

No. 3314.

1. REMOVAL OF CAUSES ⚙=›12—TO DISTRICT OTHER THAN THAT IN WHICH ACTION COULD HAVE BEEN BEGUN.

Where an Idaho corporation sued a railroad company, a Utah corporation, in the state court of Idaho for overcharges claimed to have been exacted in violation of the Interstate Commerce Act, *held* that, under Judicial Code, § 24 (Comp. St. § 991), section 28, as amended by Act Jan. 20, 1914 (section 1010), and section 51 (section 1033), the railroad company could not remove the cause to the federal District Court for Idaho on the ground that the action was based on a federal statute, because the action could not in the first instance have been begun there by the Idaho corporation.

2. COURTS ⚙=›107—EFFECT OF DENIAL OF CERTIORARI BY SUPREME COURT.

Where the federal Supreme Court denies a writ of certiorari to review a judgment of the Circuit Court of Appeals, though there was involved a single question, which was one entirely of jurisdiction, and concerning which there had been radically diverse decisions by the lower federal courts, the denial will fairly imply that the Supreme Court was satisfied the jurisdictional point had been rightly decided, even though denial of a writ of certiorari ordinarily will not indicate the Supreme Court's opinion.

In Error to the District Court of the United States for the Southern Division of the District of Idaho; Frank S. Dietrich, Judge.

Action by the Boise Commercial Club, a corporation, against the Oregon Short Line Railroad Company, a corporation, begun in the state court, and removed to the federal court. There was a judgment for defendant, dismissing the complaint, and plaintiff brings error. Reversed and remanded, with directions.

Martin & Cameron, of Boise, Idaho, for plaintiff in error.

George H. Smith, of Salt Lake City, Utah, and H. B. Thompson and John O. Moran, both of Pocatello, Idaho, for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. By writ of error the Boise Commercial Club, an Idaho corporation, asks reversal of a judgment of the District Court for Idaho, dismissing its complaint after a hearing on the merits. The Commercial Club brought action in the state court for Ada county, Idaho, to recover money for freight overcharges collected by the railroad company, a Utah corporation; the claims growing out of the alleged violation by the railroad company of the long and short haul provision of the Interstate Commerce Act (Act Feb. 4, 1887, c. 104, 24 Stat. 379). The railroad company sought removal upon the ground that the suit was based upon the alleged violation of the Interstate Commerce Law, as amended by acts of Congress approved June 29, 1906, and June 18, 1910 (34 Stat. 584; 36 Stat. 547 [Comp. St. § 8566]). The District Court ordered removal. After removal the Commercial Club moved to remand to the state court upon the

⚙=›For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ground that the United States Court was without jurisdiction to hear and determine the case over the objections of the plaintiff below, for the reason that under section 51 of the federal Judicial Code the Commercial Club could not, over the· objection of the defendant railroad company, have originally maintained the suit in the federal court within the district of Idaho, but only in the federal court of the district of Utah, that being the district whereof defendant is an inhabitant, and that the suit was not removable to the United States District Court for the District of Idaho without the consent of both parties, which consent the plaintiff refused to give. The court denied the motion, and, after overruling an amended demurrer, answer was filed, trial was had and judgment was entered dismissing the complaint.

[1] Section 51 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1101 [Comp. St. § 1033]) provides that, except as provided in certain sections:

"No civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

By section 24 of the Judicial Code (Comp. St. § 991), the District Courts of the United States are given jurisdiction of all suits of a civil nature at common law or in equity where the matter in controversy exceeds the sum or value of $3,000 and arises under the Constitution or laws ·of the United States, or is between citizens of different states. By section 28 of the Judicial Code, as amended by Act Jan. 20, 1914, c. 11, 38 Stat. 278 (Comp. St. § 1010), any suit of a civil nature arising under the Constitution or laws of the United States, of which the District Courts are given original jurisdiction by the title, which might be pending at the time of the passage of the act or thereafter brought in any state court, could be removed by the defendant or defendants therein to the District Court of the United States for the proper district, and any other suit of a civil nature of which the District Courts of the United States are given jurisdiction by the title, and which were pending or which might be brought in any state court, could be removed to the District Court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state.

It is unnecessary to cite the numerous and conflicting decisions bearing upon the question of jurisdiction where the remand of an action like this is prayed for. In the later cases, such as Western Union Telegraph Co. v. Louisville & Nashville R. R. Co. (D. C.) 201 Fed. 932, Hohenberg & Co. v. Mobile Liners (D. C.) 245 Fed. 169, and James v. Amarillo Light & Power Co. (D. C.) 251 Fed. 337, the more important decisions are referred to and the differing views argued with special ability. In the two latter opinions Judge Ervin held that, where jurisdiction of the court is founded on the fact that the action is between citizens of different states and suit is brought in a state court of a state in which defendant is not a resident, there is a right of removal to the federal court of that district, which right cannot be contested by plaintiff on the ground that he could not have brought the

suit in that federal court over the objection of plaintiff. The reasoning of the learned judge in James v. Amarillo Light & Power Co., supra, was that in Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, the Supreme Court intended to hold that the District Court had no jurisdiction to try an action where neither party resided in the state of such court, and expressed the opinion that the provisions of section 51, limiting the bringing of the suit in the first instance, are limitations to bind the plaintiff, but are not binding upon the defendant. The court said:

"The provisions of section 51 expressly so state, and do not in any manner undertake to regulate or control or limit the right given by section 28 to defendant. If plaintiff, being a resident of one state, and defendant of another, bring his suit in a federal court of a third state, defendant can, by appearing generally, waive the objection as to venue, and such court has jurisdiction to try such suit. If, therefore, plaintiff brings his suit in a state court, defendant is given by section 28 the right to remove it to this same court, and it has just as much jurisdiction to try such case as if plaintiff had originally brought it there."

Such was the view taken by the court in Rubber & Celluloid Harness Trimming Co. v. Whiting Adams Co., 210 Fed. 393, and Louisville & Nashville R. R. Co. v. Western Union Telegraph Co. (D. C.) 218 Fed. 91.

There is much force in the view and we should be inclined to take a similar position, were it not for the action of the Supreme Court (247 U. S. 505, 38 Sup. Ct. 427, 62 L. Ed. 1240) in denying certiorari applied for in Guaranty & Trust Company of New York v. McCabe et al., 250 Fed. 699, 168 C. C. A. 31. There the plaintiff was a New York corporation, with its principal place of business in the Southern district of New York, and the defendants were inhabitants of Charleston, in the Eastern district of South Carolina. The court considered the citizenship and residence of the members of the firm of Pell & Co., the assignors, and after stating that the plaintiff could have brought its action against the defendants in the United States District Court for the Eastern District of South Carolina, ruled that at no time could it have brought the action in the United States District Court for the Southern District of New York, because all the members of Pell & Co. were not residents of the Southern district of New York. Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303, 33 L. Ed. 635, and Interior Construction Co. v. Gibney, 160 U. S. 217, 16 Sup. Ct. 272, 40 L. Ed. 401, were cited in support of that proposition. The court quoted from Ex parte Wisner, supra, to the effect that, in order to make a suit removable under section 2 of the act of 1887–1888 (Comp. St. § 1047), it must be one which the plaintiff could have brought originally in the United States court to which it would be removed by original process, and regarded it as settled by the case of Ex parte Moore, 209 U. S. 490, 28 Sup. Ct. 706, 52 L. Ed. 904, 14 Ann. Cas. 1164, that in a case where jurisdiction depends upon diversity of citizenship the plaintiff, in case of removal, also has the right to insist upon or waive his objection to the jurisdiction because the district is not the proper district; that is, either the residence of plaintiff or of defendant. To the argument that Ex parte Moore, supra, had been overruled, the

court replied by citing Ex parte Harding, 219 U. S. 363, 31 Sup. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392, as holding that the Supreme Court had disapproved of Ex parte Wisner only so far as that case had held that mandamus was a proper remedy, and argued that, if the Supreme Court had intended to go further, it would have said so. The court cited the classifications of section 51 of the Judicial Code and said:

"Where the parties are citizens of different states and the action is founded only on that fact, the statute clearly authorizes the bringing of the suit in one of two places, i. e., the residence of the plaintiff or the defendant, and, as held in Ex parte Moore, supra, when the suit is brought elsewhere, either plaintiff or defendant has the right to object to removal on the ground that such removal takes the cause to a district other than the residence of the plaintiff or defendant."

Judge Learned Hand, in a dissenting opinion, took a contrary view; but, as already said, upon application for certiorari the Supreme Court denied the writ.

[2] We assume that ordinarily the denial of the writ of certiorari by the Supreme Court may not indicate the expression of an opinion in affirmance of the law of the case as applied by the Circuit Court of Appeals; but where there is a single question involved, and that question is entirely one of jurisdiction and there have been radically diverse decisions by the lower federal courts, the denial of the writ would fairly imply that the court was satisfied that the jurisdictional point had been rightly decided.

Under the circumstances, therefore, it is proper that our decision should be against the view that there is jurisdiction in the present case.

The judgment is therefore set aside, and the cause is remanded, with directions to grant the motion to remand.