## PULLMAN COMPANY *v.* SUTHERLIN.

A petition for removal to the United States district court of the case
    made by an action brought in the city court of Atlanta by a citizen
    and resident of Alabama against a corporation of Illinois, having
    an agency in the city of Atlanta, Georgia, for damages from an alleged
    tort committed on the plaintiff by a servant of the defendant cor-
    poration, was rightly denied.    The suit could not originally have
    been properly brought in the district court of the United States
    for the northern district of Georgia, although the defendant had an
    agency and usual place of business in Atlanta; and therefore it could
    not be removed to that court from the State court.

No. 1800.   NOVEMBER 11, 1920.

Certiorari; from Court of Appeals.   24 *Ga. App.* 430.

*Brewster, Howell & Heyman* and *Mark Bolding,* for plaintiff
in error.

*W. W. Mundy, Sidney Holderness,* and *Westmoreland, Ander-
son & Smith,* contra.

ATKINSON, J.   A citizen and resident of the State of Alabama
brought an action in the city court of Atlanta against the Pullman
Company, a corporation of the State of Illinois, having an agency
in the city of Atlanta, Georgia, for damages from an alleged tort
committed on the plaintiff by a porter of the defendant company.
The defendant's petition for the removal of the case to the United
States district court for the northern district of Georgia was
denied by the trial judge, whose judgment on writ of error was
affirmed by the Court of Appeals.   The judgment on removal is
under review in this court by writ of certiorari to the Court of
Appeals.

The suit could not originally have been properly brought in
the district court of the United States for the northern district
of Georgia, although the defendant company had an agency and
usual place of business in the city of Atlanta.   In re Keasbey &
Mattison Co., 160 U. S. 221 (16 Sup. Ct. 273, 40 L. ed. 402).
And therefore it could not be removed to that court from the
State court.   See Ex parte Wisner, 203 U. S. 449 (27 Sup. Ct.
150, 51 L. ed. 264), wherein it is held that an action commenced
in a State court, by a citizen of another State, against a non-
resident defendant who is a citizen of a State other than that
of the plaintiff, can not be removed by the defendant into the
district court of the United States.   That decision on this point
has never been overruled or modified by the court that rendered it.

See Ex parte Harding, 219 U. S. 363, 379 (31 Sup. Ct. 324, 55 L. ed. 252, 37 L. R. A. (N. S.) ·392), wherein it is stated in effect, by Chief Justice White speaking for the whole court, that the general doctrine announced in the Wisner case, and others under consideration on the merits, was not questioned, the only conflict in the case being as to the jurisdiction to review, by mandamus, a judgment on removal of the case. In Guaranty Trust Co. v. McCabe, 250 Fed. 699 (163 C. C. A. 31), the ruling in the Wisner case was followed under quite similar facts as to the want of the right of removal. The Supreme Court of the United States refused to grant a writ of certiorari in the McCabe case. 247 U. S. 505 (38 Sup. Ct. 427). In Boise Commercial Club v. Oregon R. Co., 260 Fed. 769 (171 C. C. A. 495), referring to the McCabe case, the court said: "We assume that ordinarily the denial of the writ of certiorari by the Supreme Court may not indicate the expression of an opinion in affirmance of the law of the case as applied by the Circuit Court of Appeals; but where there is a single question involved, and that question is entirely one of jurisdiction, and there have been radically diverse decisions by the lower Federal courts, the denial of the writ would fairly imply that the court was satisfied that the jurisdiction point had been rightly decided."

Therefore the judgment of the Court of Appeals, in sustaining the trial judge in refusing to grant an order removing the case, ·is affirmed.

*Judgment affirmed. All the Justices concur.*