## AMERICAN FIDELITY AND CASUALTY COMPANY OF RICHMOND, VIRGINIA *v.* ELDER *et al.*

No. 13020.    OCTOBER 11, 1939.    REHEARING DENIED NOVEMBER 17, 1939.

*Brandon, Hynds & Tindall* and *Furman Smith,* for plaintiff in error.

*Kelley & Brannon, Boyd Sloan,* and *Joseph G. Collins,* contra.

JENKINS, Justice. 1. While it is true that in determining whether a suit contains a separable controversy wholly between citizens of different States, so as to be removable to the United States court (U. S. Code Ann., §§ 41, 71, title 28, the court may disregard a merely nominal or proper party (Ex parte State of Nebraska, 209 U. S. 436, 28 Sup. Ct. 581, 52 L. ed. 876; Davidson *v.* Montana-Dakota Power Co., 22 Fed. 2d, 688), and the court may also look beyond the formal alignment of the parties as they appear on the face of the pleading, and rearrange them according to their actual interests with respect to the controversy in question (Removal Cases, 100 U. S. 457, 568, 25 L. ed. 593; Pacific Railroad Co. *v.* Ketchum, 101 U. S. 289, 298, 25 L. ed. 932; Carson *v.* Hyatt, 118 U. S. 279, 286, 6 Sup. Ct. 1050, 30 L. ed. 167; Niles-Bement-Pond Co. *v.* Iron Moulders Union, 254 U. S. 77, 41 Sup. Ct. 39, 65 L. ed. 145; *Brooks* v. *Brooks,* 185 *Ga.* 549, 555, 195 S. E. 869; Joseph Dry Goods Co. *v.* Hecht, 120 Fed. 760), it is nevertheless true that, even after giving effect to these rules, in

order for a cause to be removable there must still "exist in the suit a separate and distinct cause of action, on which a separate and distinct suit might properly have been brought and complete relief afforded as to such cause of action, with all the parties on one side of that controversy citizens of different States from those on the other," and "which can be fully determined without the presence of any of the other parties to the suit as it has been begun." Accordingly, if upon an application for removal, after disregarding the presence of mere nominal parties, and after any possible realignment of parties according to their true and actual interest, the petition still does not present a separable controversy where the essential parties on one side and the essential parties on the other side are not diverse as to citizenship, the cause is not removable. Fraser v. Jennison, 106 U. S. 191, 194 (1 Sup. Ct. 171, 27 L. ed. 131), and cit.; Torrence v. Shedd, 144 U. S. 527, 530 (12 Sup. Ct. 726, 36 L. ed. 528), and cit.; Ayres v. Wiswall, 112 U. S. 187 (5 Sup. Ct. 90, 28 L. ed. 693) ; Louisville &c. R. Co. v. Ide, 114 U. S. 52 (5 Sup. Ct. 735, 29 L. ed. 63) ; In re Winn, 213 U. S. 458, 464 (29 Sup. Ct. 515, 53 L. ed. 873) ; *Pullman Co.* v. *Sutherlin,* 150 *Ga.* 652 (104 S. E. 782) ; *Pacolet Mfg. Co.* v. *Weiss,* 185 *Ga.* 287, 292 (194 S. E. 568) ; 23 R. C. L. 673, 674, § 68.

2. In an equitable proceeding, it is the general rule that all persons having a legal or equitable interest in the subject-matter of the suit must be made parties; and that "no court of equity should undertake to reform a written instrument . . in an essential matter, without having before it all the parties to be affected by the proposed reformation." *Wyche* v. *Green,* 32 *Ga.* 341; *Holland* v. *Lawrence,* 147 *Ga.* 479, 480 (94 S. E. 561) ; *Lester* v. *Mathews,* 58 *Ga.* 403 (3) ; *Brown* v. *Brown,* 97 *Ga.* 531, 542 (25 S. E. 353, 33 L. R. A. 816) ; *Hamilton* v. *Cargile,* 127 *Ga.* 762 (56 S. E. 1022) ; *Roberts* v. *Moore,* 136 *Ga.* 790 (3, *a*) (72 S. E. 239) ; *Ison* v. *Nutting,* 153 *Ga.* 682 (2), 687 (113 S. E. 197) ; 23 R. C. L. 358, 359, § 56; 53 C. J. 1003, 1005, §§ 156, 157. It is therefore the general rule that, where by a mistake a policy erroneously names a person as the insured, in lieu of one who should have been named, and petition is brought to reform the contract of insurance on account of such a mistake, so as to accord with an oral agreement (see *Niagara Fire Ins. Co.* v. *Jordan,* 134 *Ga.*

667, 671, 68 S. E. 611, 20 Ann. Cas. 363), the policy will not be reformed unless the person actually named as the insured is made a party to the suit. *Trust Co. of Ga.* v. *Scottish Union &c. Ins. Co.,* 119 *Ga.* 672 (3), 674 (46 S. E. 855). See, as to an exception in suits for reformation, where the person omitted from the petition, although a proper party, is not an essential one, and a decree of reformation "would redound to his benefit," *Steadham* v. *Cobb,* 186 *Ga.* 30, 41 (196 S. E. 730).

3. The plaintiff assignor and two assignees, as beneficiaries of an alleged oral insurance contract made by the assignor and the three individual defendants with the defendant insurance company, sought to reform the binder contract and the insurance policy on account of alleged mistake and fraud, so as to insert in the policy the name of the plaintiff assignor, in addition to the three individual defendants named therein as the insured, and so as to change the alleged erroneous description of the business as a partnership, in accordance with the alleged oral contract. The petition also sought a judgment on the insurance contract as thus reformed, to the extent of the $5000 maximum liability on the policy, for the benefit of the plaintiff assignees, holding $10,000 of judgments against the assignor. The plaintiffs and the three individual defendants were residents of Georgia. The non-resident defendant insurance company alone sought removal of the suit to the United States court, on the ground that there was a separable controversy between it on one side and the other parties on the other. The binder named the plaintiff assignor and the three individual defendants as the insured, and described their four automobiles, but insured them as operating under a trade-name as a "partnership." The policy described only the three individual defendants and their three automobiles as operating under a trade-name as a "copartnership," and entirely omitted any reference to the fourth individual, the plaintiff assignor, or his automobile. Without reformation, only the partnership could recover on the binder contract, since the plaintiff assignor and the three individual defendants were insured therein only as a partnership, and only the partnership, composed of the three individual defendants, could recover on the policy, and the plaintiffs would be excluded from such a recovery, since the writing insured only such defendants without referring to the plaintiff assignor or his

automobile. Since no partnership was a party to the assignment to the plaintiffs, and they seek to reform the binder and the policy solely for their benefit as individuals, without any participation of the three individual defendants in the benefit of any present or future recovery from any loss, as a partnership or otherwise, and thus seek to change materially the status and rights of such individual defendants under the binder and the policy, it can not be said that their interests would not be affected by the decree prayed for, even though no money judgment is sought against them, so as to make them merely nominal parties, or under any view bring them within the exception stated in *Steadham* v. *Cobb,* supra. Nor could the parties be properly realigned, so as to place the three resident individual defendants on the side with the resident plaintiffs, and leave the non-resident company as the sole defendant, since the petition does not disclose any community of interest in the subject-matter of this suit between the present plaintiffs and the individual defendants. There being no separable controversy between citizens of different States, the court properly denied the application by the company for the removal of the suit.

*Judgment affirmed. All the Justices concur.*