M. HOHENBERG & CO. v. MOBILE LINERS, Inc.

(District Court, S. D. Alabama. July 24, 1917.)

No. 574.

REMOVAL OF CAUSES ☞12—RIGHT OF REMOVAL—CONSTRUCTION OF STATUTE.
    Where a federal District Court has jurisdiction of a suit by reason of diversity of citizenship and the amount in controversy, and such suit is brought in a state court of a state of which defendant is not a resident, his right to remove the cause into the federal court for that district given by section 28 of Judicial Code (Act March 3, 1911, c. 231, § 28, 36 Stat. 1094 [Comp. St. 1916, § 1010]) is absolute, and cannot be contested by plaintiff on the ground that he could not have brought the suit in that court over defendant's objection.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by M. Hohenberg & Co. against Mobile Liners, Incorporated. On motion by plaintiff to remove to state court. Denied.

Stevens, McCorvey & McLeod, of Mobile, Ala., for plaintiff.
Palmer Pillans, of Mobile, Ala., for defendant.

ERVIN, District Judge. This cause comes on to be heard on the motion of plaintiff to remand the cause to the state court. The question depends on the proper construction of the statute as codified in the Judicial Code.

The District Courts are, by section 24 of the Judicial Code (Comp. St. 1916, § 991), given jurisdiction of all suits of a civil nature at common law or in equity where the matter in controversy exceeds $3,000 and is between citizens of different states. Section 51 (Comp. St. 1916, § 1033) provides that no civil suit shall be brought in any District Court against any person *by any original process or proceeding* in any other district than that whereof he is an inhabitant; but where the *jurisdiction* is founded only on the fact that the action is between citizens of different states, *suit shall be brought only* in the District of the residence of the plaintiff or defendant. (Italics mine.)

It will be observed that the jurisdiction to determine a controversy between citizens of different states, is conferred by section 24; while section 51 fixes the venue in which *the plaintiff* is authorized to institute suit by *original process or proceeding*. Section 51 prohibits only the institution of original suits, and the words characterizing the beginning of such suits "by any original process or proceeding" certainly intimates that suits may be gotten into this court by some other process.

The statement had already been made that no civil suit shall be brought in any District Court against any person in any other district than that whereof he is an inhabitant. Now, the words "by any original process or proceeding" were absolutely unnecessary to add anything to the previous statement that no civil suit shall be brought in any district other than that of the residence of the defendant. The inclusion of these words "by any original process or proceeding" can, to my mind, have only the effect of qualifying or limiting the statement as to *bringing* of the suit in a district other than that whereof the defendant is an inhabitant, by intimating that the suit might be gotten into such court by some process other than that of the original process or proceeding.

The statement that where the jurisdiction of the court is founded on the fact that the action is between citizens of different states that suit may be brought either in the district of the residence of the plaintiff or the defendant carries to my mind the same statement, namely, that the suit shall not be originally instituted in any district other than that of the residence of the plaintiff or defendant. If, however, the court has jurisdiction of the cause of action because it is between citizens of different states, and this cause of action can be removed into the federal court, under any known provision of the law, such removal would not be *prohibited* by the language of section 51.

Section 28 provides:

"Any other suit of a civil nature, at law or in equity, of which the District Courts of the United States are given jurisdiction by this title, and which are now pending, or which may hereafter be brought in the state court, may be removed into the District Court of the United States, for the proper district by the defendant or defendants therein, being nonresidents of that state."

It will be noticed that the provision as to removal is not on its face in any manner limited to removal to a district in which the suit might originally have been brought. It gives the right to remove such suit *of which the District Courts of the United States are given jurisdiction,* and this is the only limitation placed by the removal statute upon the right to remove. The only condition is that the defendant or defendants shall be nonresidents of the state in which the suit is brought.

Now, it seems to me that where the federal court is given jurisdiction of a suit which is instituted in the state court, and petition for removal is filed by a nonresident of such state, and the fact of nonresidence and jurisdiction being shown by the petition, this is all that is required by the removal statute to transfer such cause from the state to the federal court.

A careful reading of the provisions above quoted leads me to conclude:

First. That the jurisdiction is given to the District Court by section 24 where the controversy is between citizens of different states.

Second. That the plaintiff has the right in the first instance, when he and defendant are citizens of different states, to institute it by any original process or proceeding in the District Court of the United States in the district of the residence of either the plaintiff or the defendant.

Third. When the plaintiff has exercised *his* election to *sue* in the court of a state of which defendant is a nonresident, that such defendant is given the *right* under section 28 to remove such suit to the District Court of the United States for such district.

These provisions have never denied to the plaintiff in the first instance the right to sue in the state court, but they have given him the right to elect to sue either in the state court or in the federal court, but, while leaving to the plaintiff such election in the first instance to sue in the state court, it then gives to defendant, being a nonresident of such state, the *right* to remove such suit to the federal court. It then follows that, if such right is given to the defendant, plaintiff cannot complain of its exercise by defendant any more than defendant could have complained of plaintiff instituting such suit in the District Court in the first instance. If this is a proper construction of the act *as written,* I do not see where the court is concerned with the question as to whether Congress intended to constrict or to enlarge the jurisdiction of the court.

Conceding that the purpose of the act of 1888 was to limit the jurisdiction of the United States courts by increasing the amount necessary to give such courts jurisdiction, and was also to limit the right of removal which existed under the act of 1875 so as to give such right only to the defendant, being a nonresident of the state, still the right

given to such defendant by the act of 1888 must be determined by the language used in the act of 1888, where such language is clear and positive. The purpose of this act cannot be controlled or modified beyond the purpose clearly expressed therein, by the general purpose of the act to limit the jurisdiction. If the act of 1888 therefore gives to the defendant, being a nonresident of the state, the right to remove a suit to the federal court of the district in which the suit is brought in the state court, then no general purpose or limitation should control this expressed right so given to the defendant.

Under the act of 1875 either party had the right to remove, while under the act of 1888 the right of removal is given only to the defendant, with the added condition that he is a nonresident of the state; still, when this condition exists, and the jurisdiction of the court exists, the right of removal so given to the defendant by this act cannot be limited any further than the express terms of the act go.

The fact that the act of 1888 takes away from the plaintiff, who has brought his suit in the state court, the right to remove such suit to the federal court, certainly cannot affect the right given by the act to the *defendant*. Certainly the language of section 28, giving the right of removal in the following words:

"Any other suit, of a civil nature, at law or in equity, of which the District Court of the United States are given jurisdiction by this title, and which are now pending, or which may hereafter be brought in any state court, may be removed into the District Court of the United States, for the proper district, by the defendant or defendants therein, being nonresidents of that state"

—is clear and unequivocal. It gives the right of removal absolutely to defendant when the named condition exists, and gives no veto on such right to plaintiff.

Plaintiff having been given by the provisions of section 51, his election to sue in the state or federal court, the defendant by this language is given the absolute right of removal, and there is not one word or intimation anywhere in the act that, where the proper jurisdiction exists in the federal court, and the proper conditions exist for the invocation by defendant of this jurisdiction, such exercise by defendant of his right so given is to be controlled or negatived in any manner by the plaintiff. If plaintiff and defendant are residents of different states, and plaintiff brings his suit in the District Court of a third state, defendant could appear and waive the objection or could object on the ground of venue, and the court would on this ground dismiss the suit, whether plaintiff objected or not. If plaintiff brings suit in a state court in his district, defendant, being a nonresident of such state, can remove such suit because of section 28, whether plaintiff objects or does not object. On what ground can be object? Must he not point to some provision of the original act, or the codification of it, giving him the right to object, and if there be no such provision, on what can he base an objection? If it had been intended by the provisions of this act to allow the plaintiff to negative the effort on the part of defendant to remove the suit, certainly some word or some intimation would have been put in the act to show this right on the part of the plaintiff. The fact that we find no word or intimation anywhere in the act giv-

ing the plaintiff the right to veto any effort on the part of defendant to remove the suit is conclusive, to my mind, that Congress did not intend to give plaintiff any such right. To deny to defendant the right so given to remove the suit is to deny to him a right clearly and expressly given in unequivocal language, and if the courts can deny him this right, then they can deny him any other right which may be given him by Congress.

Construing the provisions of the act as a whole, and giving them what seems to me to be the clear intent of Congress, I find that jurisdiction is given to the federal courts, where there is diversity of citizenship; that on this state of facts plaintiff is given in the first instance the election to sue either in the district of his residence or in the district of the residence of the defendant. If plaintiff elects to sue in the district of his own residence, defendant, being a nonresident, has the absolute right to remove the suit to the federal court of such district.

The provisions of section 51 limiting the bringing of the suit in the first instance are limitations to bind the plaintiff, and do not bind the defendant. The provisions of section 51 expressly so state, and do not in any manner undertake to regulate or control or limit the right given by section 28 to defendant. If plaintiff, being a resident of one state, and defendant of another, bring his suit in a federal court of a third state, defendant can, by appearing generally, waive the objection as to venue, and such court has jurisdiction to try such suit. If therefore, plaintiff brings his suit in a state court, defendant is given by section 28 the right to remove it to this same court, and it has just as much jurisdiction to try such case as if plaintiff had originally brought it there.

I therefore conclude that the motion to remand should be denied.

⊸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes