## JAMES v. AMARILLO CITY LIGHT & WATER CO.

(District Court, N. D. Texas, at Amarillo.    June 7, 1918.)

No. 142.

1. REMOVAL OF CAUSES ⟜11—ORIGINAL JURISDICTION OF FEDERAL COURT.

Under Judicial Code, § 24 (Comp. St. 1916, § 991), giving District Courts jurisdiction of civil suits between citizens of different states, etc., and section 51, providing that, where jurisdiction is founded on diversity of citizenship, suit shall only be brought in the district of the residence of plaintiff or defendant, a District Court has jurisdiction of a suit between citizens of different states on removal from a state court, although all of the plaintiffs were not citizens of such district.

2. REMOVAL OF CAUSES ⟜12—RESTRICTION AS TO DISTRICT.

Under Judicial Code, § 28 (Comp. St. 1916, § 1010), providing for removal, and sections 24, 51 (Comp. St. 1916, §§ 991, 1033), relating to the jurisdiction and venue of suits, a suit begun in the state court may be removed, where there is diversity of citizenship between the parties, though all of the plaintiffs were not residents of the district to which it was removed.

At Law.    Action by Lena De Boe James against the Amarillo City Light & Water Company, begun in the state court and removed to the federal court.    On motion to remand.    Motion denied.

A. M. Mood and Veale & Lumpkin, all of Amarillo, Tex., for plaintiff.

Thomas F. Turner, of Amarillo, Tex., for defendant.

ERVIN, District Judge.    This case was brought in a state court of Texas by petitioner under a Texas statute providing that an action to recover damages may be brought in case of the death of a party caused by the wrongful act of another; this statute, authorizing one to sue for the benefit of all, but requiring all beneficiaries to be named. The petition shows that some of the beneficiaries in this cause are resident citizens of Texas, while some are resident citizens of Kentucky.

[1] The defendant is a corporation, doing business in the state of Texas, but incorporated under the laws of the state of Delaware. The cause was removed to this court by defendant, and now the plaintiffs move to remand it to the state court because all the parties plaintiff and interested in the subject-matter of this suit are not resident citizens of the state of Texas, and therefore the suit could not have been originally brought in this court.

The District Courts are, by section 24 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1091 [Comp. St. 1916, § 991]), given jurisdiction of "all suits of a civil nature at common law or in equity, * * * where the matter in controversy exceeds * * * three thousand dollars * * * and is between citizens of different states."

Section 51 (Comp. Stat. § 1033), provides that:

"No civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he-

---

is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of the plaintiff or defendant."

Section 28 (Comp. St. 1916, § 1010) reads as follows:

"Any other suit of a civil nature, at law or in equity, of which the District Courts of the United States are given jurisdiction by this title, and which are now pending, or which may hereafter be brought in any state court, may be removed into the District Court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state."

The provisions of these sections of the Judicial Code, while separating the jurisdictional part from the venue part and the removal part, do not in effect change the terms of the original act which was thus codified; and the question we have for determination depends on the construction of the act as codified.

The plaintiff relies upon the case of Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303, 33 L. Ed. 635, in which the Supreme Court holds, after citing a number of previous decisions, that where there are more than one plaintiff, and they live in different states, suit cannot be instituted in the federal court in the state of the residence of only one of these plaintiffs. The court calls attention to the fact that the language of the original act which is codified in the sections above referred to, and in which the word "plaintiff" is used, makes no express provision as to where suits shall be brought when there are more parties plaintiff than one, and that, therefore, where the statute says, "where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant," that this means that all plaintiffs must reside in the state in which suit is brought in the federal court, or such suit cannot be maintained.

This does not necessarily decide the question now before the court, because we have not now the question presented of a suit originally instituted in this court. The question here is whether a suit which has been brought in a state court can be removed to the federal court when it could not have been brought here originally. A careful study of the opinion of the Supreme Court in the Lyon Case shows that the court there confused "jurisdiction" and "venue," for the court says:

"It is not readily to be conceived that the Congress of the United States, in a statute mainly designed for the purpose of restricting the jurisdiction of the Circuit Courts of the United States, using language which has been construed in a uniform manner for over 90 years by this court, intended that that language should be given a construction which would enlarge the jurisdiction of those courts, and which would be directly contrary to that heretofore placed upon it by this court."

That this was the meaning the court placed upon the act further appears from the holding in the case of Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, where the Supreme Court held (1) that mandamus would lie to compel a lower court to remand a cause which had been removed to such court from a state court; (2) that the District Courts have no jurisdiction to try a suit where neither

the plaintiff nor defendant reside within the district; and (3) that a cause cannot be removed to a federal court from a state court, unless such suit might have originally been brought in such federal court.

If there had been no further decision by the Supreme Court than the Wisner Case, I would necessarily feel bound by what is said in the Wisner Case, because of the ruling in the Lyon Case and the cases which it followed, that in order to maintain a suit in the federal District Court all plaintiffs must reside in such state, and there is no question that in the instant case all the plaintiffs or parties interested in this proceeding do not reside in the state of Texas. The authority of the Wisner Case, however, has been very much affected by the fact that the same court shortly after the decision of the Wisner Case has expressly repudiated two of the propositions there laid down.

In the case of Ex parte Harding, 219 U. S. 363, 31 Sup. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392, the Supreme Court expressly reverses the previous ruling in the Wisner Case that mandamus would lie. In the case of Ex parte Moore, 209 U. S. 490, 28 Sup. Ct. 585, 52 L. Ed. 904, 14 Ann. Cas. 1164, and in the case of Western Loan & Savings Co. v. Butte & Boston Mining Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101, the Supreme Court expressly repudiates and reverses the ruling that the District Courts have no jurisdiction to try cases between citizens of different states other than that of the court which is hearing the case. In these two cases the distinction is correctly drawn between the venue part of the act and the jurisdictional part, and it is held that where a suit is brought by a citizen of one state in a state other than that of the residence of either plaintiff or defendant and the defendant appears generally in such cause, that the court has jurisdiction to try the case.

This brings us then to the third proposition laid down in the Wisner Case, namely, whether a suit can be removed to a court in which, because of the venue provision, it could not have originally been brought. This matter has been exhaustively considered by Judge Cochran in the case of L. & N. R. R. Co. v. W. U. T. Co. (D. C.) 218 Fed. 91. In this case Judge Cochran collates the authorities and discusses the question in a masterly manner, and reaches the conclusion that the Wisner Case is unsound on this proposition, and declines to follow it.

The same question has already been ruled on by me in Hohenberg v. Mobile Liners, Inc., 245 Fed. 169. In that case I discussed the proposition, without citing or discussing any authority other than the provisions of the Judicial Code. I knew that there was much confusion and uncertainty in the authorities, and a resulting conflict on the question, and I did not undertake to state or discuss the various holdings, but attempted to analyze the provisions as to jurisdiction and venue and removal as contained in the Judicial Code and draw my conclusions from those provisions.

Going back, now, to the Wisner Case, let us see if that case shows on what the Supreme Court based its then finding that a case could not be removed to a court in which it could not have originally been instituted. After discussing the matter at some length, and citing

authorities, and after deciding the first two propositions, the court then (203 U. S. on page 460, 27 Sup. Ct. on page 153, 51 L. Ed. on page 268) came to the question which I have stated as the third proposition. It then states that neither of the parties was a citizen of the state of Missouri, in which state the Wisner Case was brought, and that therefore it could not have been brought in the Circuit Court in the first instance. It then proceeds as follows:

"But it is contended that Beardsley was entitled to remove the case to the Circuit Court, and as, by his petition for removal, he waived the objection so far as he was personally concerned that he was not sued in his district, hence that the Circuit Court obtained jurisdiction over the suit. This does not follow, inasmuch as, in view of the intention of Congress by the act of 1887 to contract the jurisdiction of the Circuit Courts, and of the limitations imposed thereby, *jurisdiction* of the suit could not have obtained, even with the consent of both parties." (Italics mine.)

It will be seen that the court bases its conclusion that the suit cannot be removed to a court in which it could not have been originally instituted, upon the other proposition that a court in which a case could not have been originally instituted would have no jurisdiction to try it. It is manifest that, if the court in the Wisner Case was right in its decision that the District Courts would have no jurisdiction to try a case unless the suit could have been originally brought there, the other conclusion was correct, for the trial would be a nullity. We have seen, however, that this proposition has been expressly repudiated in two later cases, and this holding in the Wisner Case, therein expressly reversed. Therefore, if the Supreme Court in the Wisner Case based its holding, that there was no right of removal, upon the proposition that the District Court had no jurisdiction to try the case, then this holding would not be adhered to after they changed their mind on the question of jurisdiction. There can be no question that the court in the Wisner Case intended to hold that the District Court had no jurisdiction to try, where neither party resided in the state of such court, because in the Moore Case Chief Justice Fuller, who wrote the opinion in the Wisner Case, expressly dissents on that proposition. The only question, therefore, left, is whether the conclusion that the case was not removable depended upon the other proposition of want of jurisdiction in the District Court. I am satisfied that any one reading the Wisner Case carefully, and noting the way Chief Justice Fuller discusses the proposition which I have quoted above, must reach the same conclusion I have done.

It has frequently been said by the Supreme Court that when the reason for a rule ceases, the rule ceases. I think the opinion in the Moore Case puts the same construction on the Wisner Case that I have done. A careful consideration of the Moore Case shows that in the opening statement Justice Brewer, writing for the court, quotes the holding from the Wisner Case, as follows:

"It was held in Ex parte Wisner, 203 U. S. 449 [27 Sup. Ct. 150, 51 L. Ed. 264], that ' * * * an action commenced in a state court by a citizen of another state, against a nonresident defendant, who is a citizen of a state other than that of the plaintiff, cannot be removed by the defendant into the Circuit Court of the United States.' On the authority of this case it is con-

tended by petitioner that, as in this action none of the parties were citizens of the state of Missouri, it could not be removed by the defendant into the Circuit Court of the United States, and that, upon the failure of the United States Circuit Court to remand the case to the state court in which it was originally brought, mandamus from this court is an appropriate remedy."

This, it will be seen, was the question the Supreme Court were considering in the Moore Case, and after ·discussing at some length the doctrine of waiver by parties of their right to object to the trial of a case in a court in which under the venue provision of the act, it might not have been originally brought, the court reaches the conclusion that, where the parties did waive by any act their right to object to the trial of such case, the court has jurisdiction to try and determine such cause. While the body of the opinion and the argument used in it is addressed principally to the question of jurisdiction, and the conclusion is reached that where there is a diversity of citizenship there is jurisdiction, even though the case might not have been brought originally therein, still it must be seen from the opening statement that the court considered it was deciding the question of the right of removal to a court in which the suit might not originally have been brought. The court therefore, finding jurisdiction, declined to grant the writ of mandamus which had been prayed for, because, as it states, the parties had waived their right to object.

It will be noticed that this case was decided before the Case of Harding, 219 U. S. 363, 31 Sup. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392, where the court repudiates the power of the Supreme Court to direct the remandment under writ of mandamus. At the time, therefore, the court passed upon the Moore Case, it was still acting on the assumption that on a writ of mandamus it had the right to determine the question. To my mind, therefore, there is no way of escaping the conclusion that in the Moore Case the Supreme Court decided and determined that, if no objection was made by the party entitled to make such objection, there was a right to remove a case into the federal court, in which it could not have originally been instituted, and that such court had jurisdiction to try the case when so removed. The court in the discussion says that, if there was no jurisdiction originally granted by Congress, the parties themselves could not confer jurisdiction by consent, and hence many cases would be declared a nullity, where such cases had been tried in the federal courts without objection.

It therefore necessarily follows that a federal court in which a suit cannot originally be brought has the jurisdiction to try a case where there is the necessary diversity of citizenship, if the case is removed into such court.

[2] We are now brought to the conclusion that this court would have jurisdiction to try the instant case, and the only question left is whether the plaintiff, who brought the case in the state court, has any right to object to its trial in this court, because of the fact that the plaintiff could not originally have brought suit in this court against the objection of the defendant.

After the decision of these Cases of Moore and Western Loan & Savings Company, no one would question the right of this court to

try the instant case, if plaintiff had 'originally filed his petition in this court and the defendant had pleaded thereto. We therefore see that the right of this court to try the case if originally brought here would depend exclusively upon the question as to whether the defendant made objection.

Now, let us examine the provisions as to the removal of causes from state courts, and see if there is anything in the statute which gives the plaintiff at any time the right to object to a removal where the court has jurisdiction to try the case. There is no change in the terms of the original act as codified, and I therefore refer only to the provisions as contained in the Judicial Code. It is true that in a number of cases the right of the plaintiff to object has been discussed, but I respectfully submit that a careful examination of the question will show that the plaintiff has no right to object, and that, where this apparent right was discussed by the court, they do not carefully examine the language of the act in this connection.

In the Case of Schollenberger, 96 U. S. 369, 24 L. Ed. 853, Mr. Chief Justice Waite, speaking for the court, said:

"The act of Congress prescribing the place where a person may be sued is not one affecting the general jurisdiction of the courts. It is rather in the nature of a personal exemption in favor of a defendant, and it is one which he may waive. If the citizenship of the parties is sufficient, a defendant may consent to be sued anywhere he pleases, and certainly jurisdiction will not be ousted because he has consented."

Section 28 provides:

"Any other suit of a civil nature, at law or in equity, of which the District Courts of the United States are given jurisdiction by this title, and which are now pending or which may hereafter be brought in any state court, may be removed into the District Court of the United States for the proper district, by the defendant or defendants therein, being nonresidents of that state."

It will be noticed that the provision as to removal is not on its face in any manner limited to removal to a district in which the suit might originally have been brought. It gives the right to remove such suit of which the District Courts of the United States are given jurisdiction, and this is the only limitation placed by the removal statute upon the right to remove. The only condition is that the defendant or defendants shall be nonresidents of the state in which the suit is brought.

Now, it seems to me that, where the federal court is given jurisdiction of a suit which is instituted in the state court, and petition for removal is filed by a nonresident of such state, the fact of nonresidence and jurisdiction being shown by the petition, this is all that is required by the removal statute to transfer such cause from the state to the federal court. A careful reading of the provisions above quoted leads me to conclude:

First. That the jurisdiction is given the District Court by section 24 where the controversy is between citizens of different states.

Second. That the plaintiff has the right in the first instance, when he and the defendant are citizens of different states, to institute it by any original process or proceeding in the District Court of the

United States in the district of the residence of either the plaintiff or the defendant.

Third. When the plaintiff has exercised his election to sue in the court of a state of which the defendant is a nonresident, that such defendant is given the right under section 28 to remove such suit to the District Court of the United States for such district.

These provisions have never denied to the plaintiff in the first instance the right to sue in the state court, but they have given him the right to elect to sue in either the state or in the federal court; but, while leaving to plaintiff such election in the first instance to sue in the state court, it then gives to defendant, being a nonresident of such state, the right to remove such suit to the federal court. It then follows that, if such right is given to the defendant, plaintiff cannot complain of its exercise by the defendant any more than defendant could have complained of plaintiff instituting such suit in the District Court in the first instance. If this is a proper construction of the act as written, I do not see where the court is concerned with the question as to whether Congress intended to constrict or to enlarge the jurisdiction of the court.

Conceding that the purpose of the act of 1888 was to limit the jurisdiction of the United States courts by increasing the amount necessary to give such courts jurisdiction, and was also to limit the right of removal which existed under the act of 1875, so as to give such right only to the defendant, being a nonresident of the state, still the right given to such defendant by the act of 1888 must be determined by the language used in the act of 1888, where such language is clear and positive. The purpose of this act cannot be controlled or modified, beyond the purpose clearly expressed therein, by the general purpose of the act to limit the jurisdiction. If the act of 1888, therefore, gives to the defendant, being a nonresident of the state, the right to remove a suit to the federal court of the district in which the suit is brought in the state court, then no general purpose or limitation should control this expressed right so given to the defendant; but there is no such general purpose expressed. It clearly expresses the particular purpose intended in two particulars only, viz.: (1) By increasing the amount necessary to give jurisdiction; (2) by limiting the right of removal to the defendant.

Under the act of 1875 either party had the right to remove, while under the act of 1888 the right of removal is given only to the defendant, with the added condition that he be a nonresident of the state; still, when this condition exists, and the jurisdiction of the court exists, the right of removal so given to the defendant by this act cannot be limited any further than the express terms of the act go. The fact that the act of 1888 takes away from the plaintiff, who has brought his suit in the state court, the right to remove such suit to the federal court, certainly cannot affect the right given by the act to the defendant. Certainly the language of section 28, giving the right of removal in the following words:

"Any other suit, of a civil nature, at law or in equity, of which the District Courts of the United States are given jurisdiction by this title, and

which are now pending or which may hereafter be brought in any state court, may be removed into the District Court of the United States for the proper district, by the defendant or defendants therein, being non-residents of that state"

—is clear and unequivocal. It gives the right of removal absolutely to the defendant when the named condition exists, and gives no veto on such right to plaintiff.

Plaintiff having been given, by the provisions of section 51, his election to sue in the state or federal court, the defendant by this language is given the absolute right of removal, and there is not one word or intimation anywhere in the act that, where the proper jurisdiction exists in the federal court, and the proper conditions exist for the invocation by defendant of this jurisdiction, such exercise by defendant of his right so given is to be controlled or negatived in any manner by the plaintiff. If plaintiff and defendant are residents of different states, and plaintiff brings his suit in the District Court of a third state, defendant could appear and waive his objection, or could object on the ground of venue, and the court would on this ground dismiss the suit, whether plaintiff objected or not. If plaintiff brings suit in a state court in his district, defendant, being a nonresident of such state, can remove such suit because of section 28, whether plaintiff objects or does not object. On what ground can he object? Must he not point to some provision of the original act, or the codification of it, giving him the right to object, and, if there be no such provision, on what can he base an objection? If it had been intended by the provisions of this act to allow the plaintiff to negative the effort on the part of defendant to remove the suit, certainly some word or some intimation would have been put in the act to show this right on the part of the plaintiff. The fact that we find no word or intimation anywhere in the act giving the plaintiff the right to veto any effort on the part of defendant to remove the suit is conclusive, to my mind, that Congress did not intend to give plaintiff any such right. To deny to defendant the right so given to remove the suit is to deny to him a right clearly and expressly given in unequivocal language, and, if the courts can deny him this right, then they can deny him any other right which may be given him by Congress.

Construing the provisions of the act as a whole, and giving them what seems to me to be the clear intent of Congress, I find that jurisdiction is given to the federal courts, where there is diversity of citizenship; that on this state of facts plaintiff is given in the first instance the election to sue either in the district of his residence or in the district of the residence of the defendant. If plaintiff elects to sue in the district of his own residence, defendant, being a nonresident, has the absolute right to remove the suit to the federal court of such district.

The provisions of section 51, limiting the bringing of the suit in the first instance, are limitations to bind the plaintiff, and do not bind the defendant. The provisions of section 51 expressly so state, and do not in any manner undertake to regulate or control or limit the right given by section 28 to defendant. If plaintiff, being a resident of one state,

and defendant of another, bring his suit in a federal court of a third state, defendant can, by appearing generally, waive the objection as to venue, and such court has jurisdiction to try such suit. If, therefore, plaintiff brings his suit in a state court, defendant is given by section 28 the right to remove it to this same court, and it has just as much jurisdiction to try such case as if plaintiff had originally brought it there.

Finding, therefore, that the Wisner Case bases its holding as to nonremovability upon its further finding of want of jurisdiction, and that the court has since reconsidered that question, I am constrained to decline to follow the Wisner Case. An order will be entered, denying the motion to remand.