## SANDERS v. WESTERN UNION TELEGRAPH CO.

### (District Court, N. D. Georgia, N. D.   December 6, 1919.)

### No. 366.

REMOVAL OF CAUSES ⬥➡11—RIGHT OF REMOVAL WHERE BOTH PARTIES ARE NON-
RESIDENTS.

A suit brought in a state court by a citizen of another state against a
nonresident defendant who is a citizen of a third state, where the requi-
site amount is involved, is one "of which the District Courts of the
United States are given original jurisdiction," within the meaning of
Judicial Code, § 28 (Comp. St. § 1010), and is removable by defendant.

At Law.   Action by Mrs. Lula Walker Sanders, administratrix of
the estate of R. W. Walker, deceased, against the Western Union
Telegraph Company.   On motion to remand to state court.   Denied.

W. B. Sloan, E. D. Kenyon, and C. N. Davie, all of Gainesville, Ga.,
for plaintiff.

Brewster, Howell & Heyman, of Atlanta, Ga., for defendant.

NEWMAN, District Judge.   This case was brought originally in
the superior court of Hall county.   The plaintiff at the time of the
commencement of the suit was, and still is, a citizen of the state of
South Carolina; the defendant was, and still is, a corporation and
citizen of the state of New York, and nonresident of the state where-
in this suit was commenced; that is, both plaintiff and defendant are
citizens of other states than the state of Georgia, where the suit was
brought, and nonresidents of the state of Georgia.

The case has now been heard on a motion to remand it to the state
court, from which it was removed, on the ground that this court has no
jurisdiction to entertain the case.   The main question as to the right
of removal and of the court to entertain this case is whether or not
the decision in the Wisner Case, 203 U. S. 449, 27 Sup. Ct. 150, 51 L.
Ed. 264, has been, in effect overruled by subsequent decisions of the
courts, and especially by the Supreme Court of the United States.   The
decision in the Wisner Case was to the effect that the District Courts
of the United States (at that time the Circuit Courts) were without
jurisdiction to entertain the case where neither party was a citizen
and resident of the state where the suit was brought and of the dis-
trict in which the United States court was held to which it was remov-
ed.   This decision of the Supreme Court in Ex parte Wisner has giv-
en rise to much discussion since it came out.   Two headnotes in the
Wisner Case will perhaps show what is decided so far as material
here:

"No suit which could not have been originally brought in the Circuit Court
of the United States can be removed therein from the state court.

"Under sections 1, 2, 3, of the Act of March 3, 1875, 18 Stat. 470, as amended
by the Act of March 1, 1887, 24 Stat. 552, corrected by the Act of August 13,
1888, 25 Stat. 433, an action commenced in a state court, by a citizen of
another state, against a nonresident defendant who is a citizen of a state
other than that of the plaintiff cannot be removed by the defendant into the
Circuit Court of the United States."

⬥➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the opinion of Chief Justice Fuller this, among other things, was said:

"But it is contended that Beardsley was entitled to remove the case to the Circuit Court, and as by his petition for removal he waived the objection so far as he was personally concerned that he was not sued in his district, hence that the Circuit Court obtained jurisdiction over the suit. This does not follow, inasmuch as in view of the intention of Congress by the act of 1887 to contract the jurisdiction of the Circuit Courts, and of the limitations imposed thereby, jurisdiction of the suit could not have obtained, even with the consent of both parties."

The first time the Wisner Case came up for consideration in the Supreme Court after its decision was in the Moore Case, 209 U. S. 490, 28 Sup. Ct. 706, 52 L. Ed. 904, 14 Ann. Cas. 1164. In that case it was held:

"While consent cannot confer on a federal court jurisdiction of a case of which no federal court would have jurisdiction, either party may waive the objections that the case was not brought in, or removed to, the particular federal court provided by the statute.

"Nothing in Ex parte Wisner, 203 U. S. 449 [27 Sup. Ct. 150, 51 L. Ed. 264], changes the rule that a party may waive the objection to the jurisdiction in respect to a particular court where diversity of citizenship actually exists."

In the opinion in the Moore Case by Mr. Justice Brewer it was said:

"In order, however, to prevent future misconception we add that nothing in the opinion in the Wisner Case is to be regarded as changing the rule as to the effect of a waiver in respect to a particular court"

—the rule, of course, being, as stated in the headnote, that the plaintiff, by his appearance and plea, might waive the question of the court to which the suit was removed by the defendant. Chief Justice Fuller in that case filed a dissenting opinion, and in this opinion, among other things, he says:

"In my judgment, section 1, in cases where litigants are citizens of different states, confers jurisdiction only on the Circuit Court of the district of the plaintiff's residence and the Circuit Court of the district of the defendant's residence. And it is not conferred on the Circuit Court of the district of neither of them, and cannot be even by consent. If this were not so, as Mr. Justice Harlan said in Bors v. Preston, 111 U. S. 255 [4 Sup. Ct. 407, 28 L. Ed. 419], 'it would be in the power of the parties by negligence or design to invest those courts with a jurisdiction expressly denied to them,' or where, it may also be said, such jurisdiction was not expressly conferred. This view was expressed in Ex parte Wisner, 203 U. S. 449 [27 Sup. Ct. 150, 51 L. Ed. 264], and although it is true that the proposition need not have been there announced, because in that case it was correctly decided that there was not a consent to the jurisdiction by both parties, yet the rule was so laid down, and the result of the opinion in this case is to disapprove of and overrule In re Wisner, so far as that proposition is concerned; and as I adhere to that view I dissent."

The view of the Chief Justice as there expressed evidently was that jurisdiction was not conferred on the court of a district in which neither of the parties resided, and yet he thought that this rule as laid down in the Wisner Case was reversed, as I understand it, by the decision in the instant case; that is, the Moore Case.

The next case decided by the Supreme Court was Western Loan & Savings Co. v. Butte & Boston Consolidated Mining Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101. The court there held:

"Where diversity of citizenship exists, so that the suit is cognizable is some Circuit Court, the objection to the jurisdiction of the particular court in which the suit is brought may be waived by appearing and pleading to the merits. In re Moore, 209 U. S. 490 [28 Sup. Ct. 706, 52 L. Ed. 904, 14 Ann. Cas. 1164], overruling anything to the contrary in Ex parte Wisner, 203 U. S. 449 [27 Sup. Ct. 150, 51 L. Ed. 264]."

Coming to the decisions discussing the Wisner Case in the District Court and Circuit Court of Appeals, the first case I find is M. Hohenberg & Co. v. Mobile Liners, Inc. (D. C.) 245 Fed. 169, a decision by Judge Ervin, of the District Court for the Southern District of Alabama, decided in 1917. Judge Ervin did not undertake at that time to discuss the Wisner Case or its effect, but held, as to the meaning of the removal statute, where neither party was a citizen and resident of the district:

"Where a federal District Court has jurisdiction of a suit by reason of diversity of citizenship and the amount in controversy, and such suit is brought in a state court of a state of which defendant is not a resident, his right to remove the cause into the federal court for that district, given by section 28 of the Judicial Code (Act March 3, 1911, c. 231, § 28, 36 Stat. 1094 [Comp. St. 1916, § 1010]), is absolute, and cannot be contested by plaintiff on the ground that he could not have brought the suit in that court over defendant's objection."

In Matarazzo v. Hustis (D. C.) 256 Fed. 882, the case of M. Hohenberg & Co. v. Mobile Liners, Inc. (D. C.) 245 Fed. 169, was cited as authority for refusing to remand, although other questions were involved in that case.

In the case of James v. Amarillo City Light & Water Co., 251 Fed. 337, Judge Ervin, of Alabama, presiding in the District Court for the Northern District of Texas, rendered an opinion on this question of the rule in cases where neither party was a citizen or resident of the district where the suit was brought in the state court. In that decision Judge Ervin goes into the question of the effect of the decision in the Wisner Case, and cites other cases since that decision was made. Judge Ervin referred, also, to his former decision in the case of M. Hohenberg & Co. v. Mobile Liners, Inc. (D. C.) 245 Fed. 169. He concludes his opinion as follows:

"Finding, therefore, that the Wisner Case bases its holding as to nonremovability upon its further finding of want of jurisdiction, and that the court has since reconsidered that question, I am constrained to decline to follow the Wisner Case. An order will be entered, denying the motion to remand."

Perhaps the strongest case on this subject of all the cases in which there has been a discussion since the Wisner Case as to its effect, and whether it had been expressly or impliedly reversed, and whether it should be followed as authority, is the case of Louisville & Nashville Railroad Co. v. Western Union Telegraph Co. (D. C.) 218 Fed. 91, a decision by Judge Cochran, of Kentucky. Judge Cochran goes fully into the question and cites decisions which had been made by the Circuit and District Courts before the Wisner Case was decided, and also decisions since that case, including the Moore Case, supra, and the Harding Case, 219 U. S. 363, 31 Sup. Ct. 324, 55 L. Ed. 252,

37 L. R. A. (N. S.) 392. After a most ample and thorough discussion of the question, Judge Cochran concludes in this way:

"In view of these several considerations, I am confident in the belief that the Supreme Court will overrule it directly the first opportunity it gets, and, so believing, I think I am justified in refusing to follow it."

He then refuses a motion to remand the case he was considering. An examination of Judge Cochran's decision will show the fullest consideration of the whole question of the jurisdiction of the court to consider a case by removal from the state court, where neither party is a citizen or resident of the district.

The next case which it seems proper to consider in this connection is a case before the Circuit Court of Appeals of the Second Circuit. Guaranty Trust of New York v. McCabe, 250 Fed. 699, 163 C. C. A. 31, decided in March, 1918. In that case a majority of the court apparently held that the decision in the Wisner Case was still controlling as to nonremovability of the case when neither party was a citizen of or resided in the district—Judge Learned Hand dissenting. The matter of the alienage of one of the parties seems to have been involved in that case; but, so far as we are now concerned with it, the decision seems to have been by the majority of the court, with one dissenting judge, as I have stated.

The cases of Ex parte Tobin, 214 U. S. 506, 29 Sup. Ct. 702, 53 L. Ed. 1061, and Ex parte Nicola, 218 U. S. 668, 31 Sup. Ct. 228, 54 L. Ed. 1203, seem to be cases where the Supreme Court simply declined to issue the writ of mandamus to the court below for the remand of a case, where the District Court had declined so to do. It is claimed on the one hand that, as the Supreme Court at that time was allowing mandamus to be used as a remedy for the purpose indicated, it in effect overruled the Wisner Case, and, on the other hand, that it does not go to that extent.

In Ex parte Harding, 219 U. S. 363, 31 Sup. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392, the Supreme Court, in an elaborate opinion by Chief Justice White, held that mandamus was not the proper remedy. The case there was:

"By a motion for leave to file a petition for mandamus, George F. Harding seeks the reversal of the action of the Circuit Court of the United States for the Northern District of Illinois, Eastern Division, in taking jurisdiction over a cause as the result of a refusal to grant a request of Harding to remand the case to a state court."

Perhaps the last headnote in that case will express sufficiently what was decided:

"In this case, Ex parte Hoard, 105 U. S. 578 [26 L. Ed. 1176], and cases following it, applied, as expressing the general principle involved; Virginia v. Rives, 100 U. S. 313 [25 L. Ed. 667], and cases following it, distinguished, as applicable only to exceptional instances not involved in this case; Ex parte Wisner, 203 U. S. 449 [27 Sup. Ct. 150, 51 L. Ed. 264], In re Moore, 209 U. S. 490 [28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164], and In re Winn, 213 U. S. 458 [29 Sup. Ct. 515, 53 L. Ed. 873], disapproved in part and qualified."

The question here involved has come before this court in the case of First National Bank v. Merchants' Bank et al. (C. C.) 37 Fed.

657, 2 L. R. A. 469, and in that case, as I said, after citing the authorities up to that time, my conclusion was:

"My conclusion as to the proper construction of these two sections is different. I do not think that it can be said that jurisdiction is given by the language quoted from the latter part of section 1. It relates to the locality in which suits may be brought by original 'process or proceeding,' and is intended for the benefit of defendants. It provides where they may be required to answer suits originating in the federal courts. Jurisdiction is conferred on the Circuit Courts by the first part of section 1, and that jurisdiction, when founded on citizenship, is between citizens of different states, provided the jurisdictional amount is involved; and it is to that portion of the section, instead of the latter part, fixing the place where suits may be brought by original 'process or proceeding,' section 2 refers."

I afterwards had the question up in this court in Rome Petroleum & Iron Co. v. Hughes Specialty Well Drilling Co., 130 Fed. 585, and in that case I took the same view that had been expressed by me in the case between the banks in 37 Fed., just referred to. The headnote is as follows:

"Under the Judiciary Act of March 3, 1887, c. 373, 24 Stat. 552, as corrected by Act Aug. 13, 1888, c. 866. § 2, 25 Stat. 433 (U. S. Comp. St. 1901, p. 509), a cause is removable by a defendant who is a nonresident of the state, on the ground of diversity of citizenship, although neither party is an inhabitant of the district."

In that case I cited a number of authorities; the strongest, perhaps being Wilson v. Western Union Telegraph Co. (C. C.) 34 Fed. 561, decided by Mr. Justice Field and Circuit Judge Sawyer, from which I quote from Mr. Justice Field as follows:

"The evident object of this motion is to obtain a reconsideration of the decision of the Circuit Court in the case of County of Yuba v. Mining Co., rendered in August, 1887, and reported in 32 Fed. 183. It was there held that, under section 1 of the act of 1887, the Circuit Court could not take cognizance of an action brought against a party in a district of which he was not an inhabitant, and that, under section 2, no removal could be made to the Circuit Court of the United States of an action brought in a state court against a party who was not an inhabitant of the district. In that case the plaintiff was a county of the state of California, and the defendants were corporations of the state of Nevada. The opinion in the case was written by my Associate, the Circuit Judge, but I concurred in it, and in the judgment which followed. I have, however, long been satisfied that we fell into an error, and I am happy that we have so early an opportunity of correcting it."

And also from the same opinion this:

"Passing, now, to the second section of the act of 1887, we find the cases mentioned in which a removal of suits of a civil nature may be had from the state court to the Circuit Court of the United States. They embrace, among others: First, suits of a civil nature arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which by the previous section of the act the Circuit Courts are given original jurisdiction, but which are pending, or may be brought in a state court; * * * and, second, other suits of a civil nature of which the Circuit Courts are given original jurisdiction by the first section, but which are pending, or may be brought, in a state court. These may be removed by the defendant or defendants therein, being nonresidents of the state. In one of these classes of suits a removal may be asked by the defendant or defendants without regard to his or their residence; in the other class a removal can be asked only when the defendant or defendants reside without the state.

According to this construction of the two sections, the corporations of Nevada, defendants in the Yuba County Case, had a right to its removal to the Circuit Court of the United States, and we erred in remanding it back to the state court. So, in the present case, the defendant, the Western Union Telegraph Company has a right to its removal to the Circuit Court; and, the removal being made, the motion to remand the case back to the state court must be denied. Since the decision in the Yuba County Case, the same question has been before several Circuit Courts, and the decisions rendered by them, after a careful consideration of the subject, have been against the one we made, and which we now overrule. See Fales v. Chicago, etc., Railroad Co. (C. C.) 32 Fed. 673; Gavin v. Vance (C. C.) 33 Fed. 84; Loomis v. Coal Co., Id. 353; St. Louis, V. & T. H. Railroad Co. v. Railroad Co., Id. 385."

And from the case of Fales v. Chicago, etc., Railroad Co., cited by Mr. Justice Field as above, this:

"It seems to me that the question of federal cognizance is confounded with the question of the place of bringing suit by original process. The latter question has nothing to do with the right of removal. The question whether the action might have been brought by original process in any federal court was material, in order to determine whether it was a case of federal cognizance, but that question being decided in favor of the federal jurisdiction, the question of the proper place or district in which the suit might have been brought by original process is wholly immaterial on the question of removal."

And, in addition, this:

"If, however, the plaintiff, having a cause of federal cognizance by reason of diverse citizenship, chooses to bring suit thereon in the state court, then he has made his election, and he cannot afterwards remove the case into the federal tribunal. If such a suit is brought in the courts of the state of which defendant is a resident, then it cannot be removed, because it is supposed the defendant can have no objection to a trial by the courts of the state of which he is a resident. If, however, a suit is brought in a case of federal cognizance in a court of a state of which defendant is not a resident, then the election is given to such nonresident defendant to carry the case by removal into the federal court."

There are cases to the contrary, of course. A number of courts have felt bound to follow the decision in the Wisner Case, and have refused to remand cases for that reason. I have myself declined to remand cases, as in the case of Bottoms v. St. Louis & S. F. R. Co. (C. C.) 179 Fed. 318. Later being satisfied, however, that there is a serious question as to whether the Wisner Case should be followed in this matter, and having anticipated the argument which has been made in this case (it has been ably argued by counsel on both sides, and every known authority, I think, has been cited), I will be compelled to go back to the opinion I entertained when I decided the Rome Petroleum & Iron Co. Case, supra.

I conclude this, both from the decisions of the courts, after carefully going through all of them, and from the statute itself. There is no doubt that section 28 of the Judicial Code, relative to removal of cases, when it uses the language "of which the District Courts of the United States are given original jurisdiction by this title," refers not to the language of section 51 as to where suits shall be brought "by original process or proceeding," but refers to the general provisions of section 24, giving the courts generally jurisdiction, among other things, of suits between citizens of different states where the juris-

dictional amount is involved. It deals with the jurisdiction of the District Courts generally, and not with the matter of venue in particular districts; and if the views which I entertained when I decided the Rome Petroleum & Iron Co. Case were sufficiently controlled by the decision in the Wisner Case, so that I followed it in the Bottoms Case (C. C.) 179 Fed. 318, I have now gone back clearly to the opinion I first entertained, and which I endeavored to express in the Rome Petroleum & Iron Co. Case.

Among other cases to which my attention has been called (and as to this case especially since the argument on this motion) is the case of St. Louis & San Francisco Railroad Co. v. Cassie Kitchen, 98 Ark. 507, 136 S. W. 970, 50 L. R. A. (N. S.) 828; and while this is an important case, it has not changed the opinion which I have arrived at after consideration again of the whole subject.

Believing, as I do, therefore, that if the Supreme Court of the United States has not by its action in cases decided by it since the Wisner Case in effect reversed that case, I think, as Judge Cochran did in the case of Louisville & Nashville R. R. Co. v. Western Union Telegraph Co., that if the Supreme Court was deciding this question now, it would squarely reverse the Wisner Case, and hold that a remand should not be granted in a case like this.

Feeling that way, I am compelled to hold that this case was removable, and consequently should not be remanded; and it will be so ordered.