## EARLES v. GERMAIN CO.

### (District Court, S. D. Alabama, S. D., May 7, 1920.)

### No. 620.

**Removal of causes ⊝⥱11—Suit between nonresidents of state removable.**

A suit brought in a state court, both parties to which are nonresidents of the state, *held* removable by defendant, where the jurisdictional amount is involved, and there is the requisite diversity of citizenship.

At Law. Action by J. S. Earles against the Germain Company. On motion to remand to the state court. Denied.

See, also, 265 Fed. 718.

R. H. & R. M. Smith, of Mobile, Ala., for plaintiff.

Armbrecht, Johnston & McMillan, of Mobile, Ala., for defendant.

ERVIN, District Judge. This was a complaint filed in the circuit court of Mobile county, Ala., and removed by the defendant to this court, which is the United States District Court for the Southern Division of the Southern District of Alabama, within which Mobile, the county within which the suit was originally brought, is located.

The petition for removal shows that petitioner is a foreign corporation, organized under the laws of the state of Pennsylvania, and has its principal place of business in the city of Pittsburgh, in said state, and is a nonresident of the state of Alabama; that plaintiff, at the time of the commencement of the suit, was a resident either of the state of Mississippi, or the state of Alabama. The suit was for a sufficient amount to bring it within the jurisdiction of this court.

Since the removal of the case to this court, the defendant has filed a verified plea in abatement, from which it appears that the plaintiff is a resident of the state of Mississippi, and was such at the time of the institution of this suit. The plaintiff filed a motion to remand the case, in which it is set out that the cause of action did not arise in the state of Alabama, nor had to do with any contract or action, or any act had or done, or omitted to be done, in said state, and moves to remand the cause, on the ground that this court has no jurisdiction of said cause.

The question will at once be seen to be the same one which was presented first to this court in the case of Hohenberg v. Mobile Liners, in 245 Fed. 169, and again presented to me while sitting in the Northern district of Texas, and ruled on by me then, in the case of James v. Amarillo Light & Water Co. in 251 Fed. 337. The question has since been ruled on by a number of courts on both sides of the question, and among those taking the same view as I have taken are Judge Ray, in the Northern District of New York, in Matarazzo v. Hustis, 256 Fed. 882, and Judge Newman, in the Northern district of Georgia, in Sanders v. Western Union Tel. Co., 261 Fed. 697.

There are also a number of cases in which the opposite view is taken, following what was said in the Wisner Case, 203 U. S. 449, 27 Sup.

⊝⥱For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Ct. 150, 51 L. Ed. 264. Among these cases is that of the Boise Commercial Club v. Oregon Short Line R. R. Co., 260 Fed. 769, —— C. C. A. ——, where the court, after citing the James Case, says that there was much force in the view there expressed, and he should be inclined to take a similar position, were it not for the action of the Supreme Court in 247 U. S. 505, 38 Sup. Ct. 427, 62 L. Ed. 1240, in denying a certiorari applied for in Guaranty Trust Co. of New York v. McCabe, 250 Fed. 699, 163 C. C. A. 31. From this it will be seen that the judgment of the court was that the correct position was that held in the James Case, where the Wisner Case was fully discussed, but the court felt constrained, by reason of the fact that a certiorari had been denied by the Supreme Court in a case where the opposite view had been expressed.

An examination of 247 U. S. 505, 38 Sup. Ct. 427, 62 L. Ed. 1240, will show that the Supreme Court made no mention whatever of the grounds of its ruling, nor expressed any opinion whatever on the question, but merely denied the writ of certiorari applied for, on what grounds we do not know. We find upon examination that in Ex parte Nicola, 218 U. S. 668, 31 Sup. Ct. 228, 54 L. Ed. 1203, and in Ex parte Tobin, 214 U. S. 506, 29 Sup. Ct. 702, 53 L. Ed. 1061, the Supreme Court denied a petition for a mandamus, where the opposite view had been expressed by the lower court. It may be said that the court in these cases denied the mandamus, because it was not the proper remedy, and yet we find that in the Wisner Case it was held to be the proper remedy, and that this view was not reconsidered by the Supreme Court until the case of Ex parte Harding, in 219 U. S. 363, 31 Sup. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392, so that at the time the application for the writs of mandamus was denied the Supreme Court was holding that mandamus was the proper remedy to test this question.

We have, therefore, as much authority in contending that the Supreme Court has, by its refusal to issue the writ, upheld the view of those of us who contend that a suit can be removed into a court in which it could not originally have been brought, as the other side has for contending that the Supreme Court is committed to the opposite view by its ruling in 247 U. S. If the two rulings are inconsistent, then logically they set the question at large, because one is as authoritative as the other. The fact that one was made later than the other, without referring to it, or showing that they intended to reconsider what was done in the Tobin and Nicola Cases, does not by any means indicate a reversal of the action of the court in these cases; therefore I contend that the Supreme Court has not bound the lower courts by anything it has done in its rulings on this question, but that the matter is still left to the judges of the lower courts to rule on as their judgment may be convinced by the question presented to them.

I am willing to be bound by any authoritative expression by the Supreme Court as readily as the next judge, but I am not willing to surrender my reasoning as a judge to anything which is less than an authoritative expression from one of the courts whose ruling binds me, and until that is presented to me I must continue to rule as my judgment dictates. I have again considered the question, and gone over

the Hohenberg and James Cases, and I am still convinced that the conclusion reached in those cases was correct.

Some of the courts have discussed the right of the plaintiff, who brought the suit in the state court, to object to the removal to the federal courts, and have held that such right of objection exists. I feel that this condition grows out of a confusion of the venue statutes and the removal statutes. Bearing in mind that the whole question is one of statutory regulation, both as to venue and as to removal, and that the parties have just such rights in each of these questions as the statutes give, and no more, and that it is not necessary that the rights given as to venue by the statute shall conform to the rights as to removal, or vice versa, we can easily see that the Congress may give the defendant a right to remove a suit to a federal court in which the plaintiff could not bring it in the first instance. The question then is: Has the statute done so?

Coming back, now to the question of confusion between these two statutes, we see that section 51 of the Judicial Code (Comp. St. § 1033) fixes the venue, where jurisdiction of the federal court is based on varying citizenship, in the following words:

"No civil suit shall be brought in any District Court against any person *by any original process or proceeding* in any other district than that whereof he is an inhabitant; but where the *jurisdiction* is founded only on the fact that the action is between citizens of different states suit shall be brought only in the district of the residence of either the plaintiff or the defendant." (Italics mine.)

It is therefore manifest, from the mere reading of the statute, that the defendant is given the unqualified right to object, where he is sued in a place other than that required by the statute, even though the court in which the suit is brought has jurisdiction to try the case. The right to object is given, not because of want of jurisdiction in the court, but because Congress, in its wisdom, saw fit to give it, after considering the reasons why the place of bringing suit by original process should be limited to certain of the courts having jurisdiction to try the case.

Here the plaintiff has the right in the first instance to elect to sue either in the state court or in such federal court as Congress has given him the right to file original process in. Should he, however, sue in another federal court, having jurisdiction, but not venue, defendant may, because of the provisions of the venue statute, object, and have the suit dismissed, or he may appear generally, and so waive the right to object. Now, referring to section 28 of the Judicial Code (Comp. St. § 1010):

"*Any other suit* of a civil nature, at law or in equity, of which the District Courts of the United States are given *jurisdiction by this title*, and which are now pending or which may hereafter be brought, in *any state court*, may be removed into the District Court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state. (Italics mine.)

The words "any other suit" and "any state court" are about as broad and general and unlimited in their application as could have been

used. We have here a right of removal given to the defendants, being nonresidents of that state. There are only two things required by this statute: First, the court to which removal is sought must have jurisdiction; and, second, the defendants seeking the removal must be nonresidents of the state in which the suit is brought. There is no more right given to the plaintiff to object to the removal than there was given by the venue statute to the defendant to object if the suit was brought in the federal court in the state of the plaintiff's residence.

The plaintiff here has no right not given by the statute, if it be conceded that the right of removal is statutory, as to which there can be no doubt. Insurance Co. v. Pechner, 95 U. S. 185, 24 L. Ed. 427. The venue statute gives plaintiff the right to sue by original process in certain courts, while the removal statute gives the defendant the right to remove the suit from certain state courts to certain federal courts.

If we concede the power of Congress to legislate on the subject, how can we question rights so plainly and unequivocally given? How can we construe a statute giving a defendant certain rights, so as to find the right in the plaintiff to negative those given to the defendant by the statute, when such statute neither qualified the right given to defendant nor grants any such right to the plaintiff? When courts do this, they cease to construe, and begin to legislate.

We are not concerned with what Congress should have written, but only with what it has written. If the right of objecting to the removal is not found in the act, it does not exist.

A decree will be entered, overruling the motion to remand.